**L. E. WOLK, Plaintiff,**

v.

**BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES, Defendant.**

**Civ. A. No. 15754.**

United States District Court
W. D. Pennsylvania.

Dec. 16, 1958.

**716**

Samuel J. Goldstein, Pittsburgh, Pa., for plaintiff.

James B. Hecht (of Thorp, Reed & Armstrong), Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this suit for commissions allegedly due for solicitation of Group Life, Hospitalization, Health and Accident Insurance from the membership of the Furniture Club of Pittsburgh, defendant's motion for summary judgment presents this question:

Whether a person who has engaged in the sale of Group Life Insurance in behalf of an insurance carrier, who is licensed by the Pennsylvania Insurance Commissioner to act as an insurance broker, but who has not been specifically certified to act as an insurance agent for the carrier has, as a matter of law any standing to sue for damages caused by the carrier's alleged breach of contract to issue group life insurance to a subscribing club whose membership has been solicited by said person.

Although defendant's motion is also directed at plaintiff's suit for commissions relative to his efforts in securing subscribers for Hospitalization, Health and Accident Insurance, I find no basis to entertain the motion as to these latter categories of subscription since it is not disputed that plaintiff is not required to be specifically certified as an insurance agent for defendant in solicitation of Hospitalization, Health and Accident Insurance.

I am satisfied that a genuine factual dispute exists as to whether plaintiff was acting as agent for defendant in the solicitation of Group Life, Hospitalization, Health and Accident Insurance for the purpose of insuring members of the Furniture Club of Pittsburgh.

The issue, therefore, is confined to the single determination of whether partial summary judgment should be granted on plaintiff's suit for commissions as they relate solely to the solicitation of life insurance based upon plaintiff's failure to be certified by defendant carrier in accordance with Pennsylvania law.

The discussions and negotiations preceding the formulation of the group plan in question, which is embodied in the booklet printed by defendant and on which is imprinted plaintiff's agency, occurred over a considerable period of time, commencing in January of 1956, at which time plaintiff filed with one Cherne, representing the defendant, a roster of the club membership and birth dates.

Thereafter, the Home Office of the insurer notified Cherne of the commission arrangements for the divers types of insurance.

An application was signed by the duly authorized officers of the Furniture Club of Pittsburgh, Inc., on April 5, 1956, following which Cherne notified the plaintiff by letter explaining one of the phases of coverage, but on September 18, 1956 notified plaintiff that defendant refused to issue coverage under such group plan.

Defendant's position as it relates to life insurance advances the thesis that by virtue of the terms of the Insurance Department Act of 1921, 40 P.S. § 1 et seq., it is unlawful for an insurance broker or any other person to solicit life insurance risks or to aid in obtaining life insurance for another unless he has been certified by the carrier in question

and licensed as an insurance agent for that carrier by the Insurance Commissioner. 40 P.S. §§ 232, 233, 234.[1]

It is not in dispute that plaintiff was licensed as an insurance broker pursuant to Pennsylvania law.[2]

[1.] Section 232 of 40 P.S. provides:

"Insurance companies, associations, and exchanges, authorized by law to transact business within this Commonwealth, shall, from time to time, certify to the Insurance Commissioner the names of all agents appointed by them to solicit insurance in this Commonwealth. 1921, May 17, P.L. 789, art. VI, § 602."

Section 233 of 40 P.S. provides:

"The Insurance Commissioner may issue, upon certification as aforesaid by any company, association, or exchange, authorized by law to transact business within this Commonwealth, an agent's license to any person of at least twenty-one years of age and to any copartnership or corporation. No license as agent shall be granted to any corporation unless by provisions of its charter it is authorized to engage in the business of insurance or real estate, and unless individual licenses are also secured for each active officer of such corporation; and no license shall be granted to a copartnership or firm unless individual licenses are also secured for each active member of such copartnership or firm. Before any such license is granted, the applicant shall first make answer, in writing and under oath, to interrogatories on forms and supplements such as the Insurance Commissioner shall prepare and submit, which answers shall be vouched for by indorsement of the company, association, or exchange interested, and to the effect that the applicant is of good business reputation, and of experience in underwriting, other than soliciting, and is worthy of a license: Provided, That any applicant who shall have held, for any period during the five years immediately preceding the application, a license to transact, as agent, any class or kind of insurance business for any company, association, or exchange, authorized to transact business within this Commonwealth, shall be entitled, upon proper application, to receive a license to transact, as agent, the same class or kind of insurance business for any other company, association, or exchange, so authorized to transact business, without the necessity of submitting to an examination. When the Insurance Commissioner is satisfied that the applicant is worthy of license, and that he is reasonably familiar with provisions of the insurance law of this Commonwealth, he shall issue a license stating that the company, association, or exchange, represented by the agent, has complied with the requirements of law and has been authorized by the Insurance Commissioner to transact business within this Commonwealth, and that the agent has been duly appointed by the company, association, or exchange named in the license. Licenses of life insurance agents shall expire annually at midnight of March thirty-first, licenses of fire insurance agents shall expire annually at midnight of September thirtieth, and the licenses of casualty and health and accident insurance agents shall expire annually at midnight of December thirty-first, unless sooner terminated as the result of severance of business relations between the company, association, or exchange and the agent, or unless revoked by the Insurance Commissioner for cause. Licenses for casualty insurance agents issued to expire at midnight November thirtieth, one thousand nine hundred forty-nine, are hereby extended until midnight December thirty-first, one thousand nine hundred forty-nine. The department shall collect an additional fee for each such license extended at the rate of one-twelfth of the annual rate, as fixed by this act, for each additional month that the term of such licenses are extended. Any person whose license is revoked may appeal to the court of common pleas of Dauphin County within thirty days of the date of receipt, by registered mail, of a notice of the fact of such revocation. Nothing in this section shall be construed as applying to domestic mutual fire insurance companies." 1921, May 17, P.L. 789, art. VI, § 603; 1929, May 2, P.L. 1529, § 1; 1931, June 22, P.L. 616, § 1, 1933, May 24, P.L. 990, § 1, 1949, May 9, P.L. 953, § 1.

Section 234 of 40 P.S. provides:

"Any individual, copartnership or corporation transacting business within this Commonwealth as the agent of an insurance company, association, or exchange, without a license as required by this act, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars." 1921, May 17, P.L. 789, art. VI, § 604.

[2.] Plaintiff was registered pursuant to 40 P.S. § 252 which provides:

"The Insurance Commissioner may is-

Plaintiff further admits that his license as an insurance broker is not inclusive of the requirement of certification on behalf of a specific life insurance company for which risk insurance is being secured.

Nevertheless, plaintiff contends that the practice and custom which is indigenous to the life insurance business, and is universally practiced by life insurance companies, is for the life insurance company to request an insurance broker's certification from the Insurance Commissioner simultaneously with or subsequent to the sale of such life insurance. That such requested certification originates from the carrier and is a formality once life insurance business has been secured for the carrier. Thus plaintiff has been certified by seven life insurance companies for sale of life insurance, but such certification was made only after life insurance policies had been written in behalf of the respective carriers.

It would appear, therefore, reasonable to conclude that defendant should not be allowed to invoke a defense based on noncertification, when said certification has been withheld by defendant's own conduct in violation of the custom and general practice of the trade. That plaintiff's failure to be properly certified under Pennsylvania law for the sale of risk insurance in behalf of defendant and the alleged breach of contract are part and parcel of the same transaction.

I am satisfied, therefore, that a factual dispute exists as to the practice under which certification for sale of life insurance is consummated, and that defendant's motion for partial summary judgment as it relates to plaintiff's suit for damages due for solicitation of risk insurance should be refused.

Defendant's motion for summary judgment will be refused.

I shall further direct that counsel for the parties stipulate to all factual matters not in dispute and all matters in dispute on or before January 15, 1959, and that counsel for the parties comply with all terms and conditions of the pre-trial order entered May 23, 1958, and that no deviation be made therefrom without order of court for cause shown.

An appropriate Order is entered.

sue, to any person of at least twenty-one years of age or to any copartnership or corporation, a license to act as an insurance broker to negotiate contracts of insurance or reinsurance, other than life insurance, with any insurance company, association, or exchange, or the agents thereof, authorized by law to transact business within this Commonwealth. No license shall be issued to any corporation to act as an insurance broker unless by its charter it is authorized to engage in the business of insurance or real estate. Before any license is issued, the applicant shall make answer, in writing and under oath, to such interrogatories and on such forms and supplements as the Insurance Commissioner shall prepare and submit, which answers shall be vouched for by indorsement of at least two agents or by the officers of any insurance company, association, or exchange, other than the officers or agents of a life insurance company, who are acquainted with the applicant, to the effect that the applicant is of good business reputation, and has experience in underwriting, other than soliciting and, is worthy of a license."